IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MONTANA ENVIRONMENTAL INFORMATION CENTER, and**<br>107 W. Lawrence St., #N-6<br>Helena, MT 59601<br><br>**SIERRA CLUB,**<br>2101 Webster St Suite 1300<br>Oakland, CA 94612<br><br>  Plaintiffs,<br><br>  vs.<br><br>**UNITED STATES OFFICE OF SURFACE MINING RECLAMATION AND ENFORCEMENT,**<br>1849 C St. NW<br>Washington, DC 20240<br><br>  Defendant. | Case No. 1:19-cv-03019<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

## INTRODUCTION

1.  The Defendant United States Office of Surface Mining Reclamation and Enforcement ("OSMRE") has violated the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.* by failing to provide a determination on Plaintiffs' (Montana Environmental Information Center and the Sierra Club—hereafter the "Conservation Groups") FOIA request within the time limits provided by the FOIA. This lawsuit requests an order that declares that OSMRE has violated the FOIA by withholding documents responsive to the Conservation Groups' request, enjoins the agency to immediately provide a determination on the Conservation Groups' FOIA request, and provide the Conservation Groups with the files they have requested.

COMPLAINT - 1

## JURISDICTION, VENUE, AND BASIS FOR RELIEF

2. This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because this action arises under the FOIA.

3. Venue is appropriate under 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 703, and 28 U.S.C. § 1391.

4. Declaratory relief is appropriate under 28 U.S.C. § 2201.

5. Injunctive relief is appropriate under 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

6. Plaintiffs MONTANA ENVIRONMENTAL INFORMATION CENTER, and THE SIERRA CLUB are non-profit environmental advocacy organizations. The Montana Environmental Information Center has thousands of members across Montana and is dedicated to defending the public interest in protecting and restoring Montana's environment. The Sierra Club has over three million members across the United States and works to promote an equitable transition to clean energy throughout the country. The records sought in this action are requested in support of all of these efforts.

7. Specifically, the Conservation Groups submitted a FOIA request to OSMRE for information regarding: (1) any records from the past 12 months related to consultation with the U.S. Fish and Wildlife Service (USFWS) or Montana Department of Fish, Wildlife and Parks (FWP) for the Mining Plan Modification for the Amendment 3 expansion of the Bull Mountains Mine No. 1; (2) any records from the past 12 months related to compliance with the Endangered Species Act for OSMRE's review and recommendations of the Mining Plan Modification for the Amendment 3 expansion of the Bull Mountains Mine No. 1; and (3) communications or records of communications between personnel or representatives in OSMRE and personnel or

COMPLAINT - 2

representatives of USFWS or FWP related to the Mining Plan Modification for the Amendment 3 expansion of the Bull Mountains Mine No. 1. The failure of OSMRE to make a determination on the Conservation Groups' FOIA request in a timely manner harms the Conservation Groups and their members by denying them the ability to adequately scrutinize federal management of energy development.

8. Defendant U.S. OFFICE OF SURFACE MINING RECLAMATION AND ENFORCEMENT is a federal agency within the U.S. Department of the Interior. It is in possession and control of the records sought by the Conservation Groups, and as such, it is subject to the FOIA pursuant to 5 U.S.C. § 552(f).

## STATEMENT OF FACTS

9. On October 17, 2018, the Conservation Groups submitted a FOIA request to OSMRE via email. The FOIA request sought records, information, and communications between OSMRE, USFWS, and FWP regarding the Amendment 3 expansion of the Bull Mountains Mine.

10. The FOIA requires that an agency "shall—[] determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor . . . ." 5 U.S.C. § 552(a)(6)(A)(i).

11. On October 18, 2018, OSMRE responded by email and acknowledged receipt of the Conservation Groups' FOIA request from October 17, 2018. OSMRE wrote: "[a] more formal letter will be sent out to you soon."

12. On June 17, 2019, Plaintiffs sent a follow-up email to OSMRE inquiring as to the status of the FOIA request.

13. On June 20, 2019, OSMRE responded by email and acknowledged that no further communications had been sent to the Conservation Groups regarding their FOIA request. OSMRE added, however, that they "hope[d] to have [the formal response letter] sent out to you by COB tomorrow."

14. On July 1, 2019, in the absence of further communication from OSMRE, the Conservation Groups again inquired with OSMRE via email as to the status of their FOIA request.

15. On the same day, July 1, 2019, OSMRE responded via email and again acknowledged that no further communications had been sent to the Conservation Groups regarding their FOIA request. OSMRE wrote that the Conservation Groups should "hear [from OSMRE] shortly, if not by COB tomorrow."

16. In early July 2019, Plaintiffs again followed up with OSMRE. On July 12, 2019, OSMRE responded via email that the agency was "working with the new FOIA person to get the letters and information sent out to you today."

17. On July 30, 2019, Plaintiffs again followed up with OSMRE about the status of the request. On August 2, 2019, OSMRE responded via email that the "requests have been handed off to the new FOIA representative for" OSMRE and that the new representative would "be able to assist you."

18. On August 7, 2019, OSMRE sent an initial acknowledgement letter to Plaintiffs. OSMRE's letter said that Plaintiffs' request was classified "into the Exceptional/Voluminous processing track" require "more than sixty work days for processing." Accordingly, OSMRE estimated that Plaintiffs "could receive responsive records from us on/after/or by September 2019."

COMPLAINT - 4

19. Based on the date that OSMRE received the FOIA request, October 17, 2018, OSMRE was required to provide a "determination" pursuant to 5 U.S.C. § 552(a)(6)(A)(i) by November 15, 2018.

20. To date, it has been 356 days since the Conservation Groups submitted their FOIA request to OSMRE.

21. OSMRE has not yet issued a determination on the Conservation Groups' FOIA request.

22. The Conservation Groups have fully exhausted all administrative remedies required by FOIA. 5 U.S.C. §§ 552(a)(6)(A), (a)(6)(C).

## CAUSES OF ACTION

### COUNT 1
### VIOLATION OF THE FREEDOM OF INFORMATION ACT: DECISION DEADLINE VIOLATION

23. The allegations made in all preceding paragraphs are re-alleged and incorporated by reference herein.

24. The Conservation Groups have a statutory right to have OSMRE process their FOIA request in compliance with the FOIA.

25. The Conservation Groups' rights were violated when the OSMRE unlawfully failed to respond to their request with a determination within the deadline imposed by the FOIA. 5 U.S.C. § 552(a)(6)(A)(i).

26. Based on the nature of the Conservation Groups' organizational activities, they will undoubtedly continue to employ the FOIA's provisions in information requests to OSMRE in the foreseeable future.

27. The Conservation Groups' organizational activities will be adversely affected if OSMRE is allowed to continue violating the FOIA's response deadlines as it has in this case.

28. Unless enjoined and made subject to a declaration of the Conservation Groups' legal rights by this Court, OSMRE will continue to violate the Conservation Groups' rights to receive public records under the FOIA.

29. The Conservation Groups are entitled to reasonable costs of litigation, including attorney fees pursuant to the FOIA, for this violation. 5 U.S.C. § 552(a)(4)(E).

## COUNT 2
## VIOLATION OF THE FREEDOM OF INFORMATION ACT: UNLAWFUL WITHHOLDING

30. The allegations made in all preceding paragraphs are re-alleged and incorporated by reference herein.

31. The Conservation Groups have a statutory right to the records they requested pursuant to FOIA.

32. OSMRE unlawfully failed to make records "promptly available" to the Conservation Groups as required under FOIA. 5 U.S.C. § 552(a)(6)(C). There is no legal basis for OSM to assert that any of FOIA's nine disclosure exemptions apply. *See* 5 U.S.C. § 552(b)(1)-(9).

33. The Conservation Groups are entitled to litigation costs, including attorneys' fees and costs pursuant to FOIA, for these violations. 5 U.S.C. § 552(a)(4)(E).

## REQUEST FOR RELIEF

WHEREFORE, the Conservation Groups respectfully request that this Court:

34. Declare that OSMRE violated the FOIA by failing to make a timely determination on the Conservation Groups' records request;

35. Direct by injunction that OSMRE immediately make a determination on the Conservation Groups' records request and provide the Conservation Groups with the records responsive to their request by a date certain;

COMPLAINT - 6

36. Direct by injunction that OSMRE provide the Conservation Groups with all the information sought in this action by a date certain;

37. Award the Conservation Groups their costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E) and 28 U.S.C. § 2412, or any other applicable law; and

38. Grant such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED this 9th day of October, 2019.

        */s/ John R. Mellgren*
        John R. Mellgren (D. D.C. Bar # OR0002)
        Western Environmental Law Center
        120 Shelton McMurphey Blvd., Ste. 340
        Eugene, Oregon 97401
        (541) 359-0990
        mellgren@westernlaw.org

        Shiloh S. Hernandez (MT Bar No. 9970)
        (pro hac vice application pending)
        Western Environmental Law Center
        103 Reeder's Alley
        Helena, Montana 59601
        (406) 204-4861
        hernandez@westernlaw.org

        *Attorneys for Plaintiffs*